## Case No. 15,627.

UNITED STATES v. LOT OF LEAF TOBACCO. .

[2 Ben. 76;[1] 6 Int. Rev. Rec. 222.]

District Court, E. D. New York.  Dec., 1867.

INTERNAL REVENUE — BONDING PROPERTY — PAYMENT INTO COURT.

1. Where property was seized as forfeited for an alleged violation of the internal revenue law, and the claimant applied for a delivery to him of the same upon a bond, *held* that, as the application was one for a favor, terms might be imposed.

2. The property might be delivered to the claimant, on his giving stipulations in the appraised value of the property, less the amount of tax due on it, paying this latter amount in money into the registry of the court.

B. F. Tracy, U. S. Dist. Atty.
W. H. Hollis, for claimant.

BENEDICT, District Judge. This is an application on the part of the claimant of certain tobacco, machinery, tools, &c., seized as forfeited to the United States, for an order to release the same upon a stipulation for value. An appraisement of the property has been made in accordance with the rules of the court, and the value of the tobacco in the market, as tobacco on which the tax had been paid, has been reported by the appraisers. The questions raised are, whether the stipulation should be for the value of the tobacco, including or excluding the tax, and what provision, if any, should be made in regard to the tax. The proposition of the claimant is to include the tax in the value of the property, and, upon his incorporating into the ordinary stipulation for value a provision which would enable the government to enter a decree upon it for the amount of the tax, notwithstanding the acquittal of the property, if that should be decreed, upon the charges in the information, to receive the property as free from tax. What should be the proper order to make in regard to the tax upon this property, in the event of a verdict in favor of the claimants, and upon the entering of a decree of restitution, it is not necessary now to decide. The application of the claimant here is for leave to take the property into his own possession and control, pending the determination by the court of the question of its forfeiture or restitution. This property, it should be noticed, is now in the absolute custody of the marshal, and, if now surrendered by him, will not be delivered into the custody of a collector, who can hold it until the payment of the tax, but to the claimant, without any security for the payment of the tax, except such as may be exacted by the court. Upon such an application, being, as it is, an application for a favor, terms may be imposed; and I think it not unreasonable, if indeed it be not nec-

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

essary in order properly to protect the government, to require, as a condition of the delivery, that the portion of the appraised value of the tobacco. which represents the tax, shall be paid, in money, into the registry. to insure the liquidation of the tax in case of an acquittal of the property upon the charge in the information. The possession of this property must, in the ordinary course of law, remain in the government until that possession be changed by a decree of restitution. The government, being thus now in possession of the tax, in the property which represents it, cannot, certainly, in the absence of a decree of restitution, be asked to surrender that possession.

A further question has been raised in this case, since the submission of the motion, by the application of the district attorney for leave to withdraw his consent to a delivery of the property, upon which consent the motion had been originally based; and in support of this application, as well as to show that the public interest requires that none of the property seized shall be delivered upon bail, affidavits have been received. The affidavits produced in reply, on the part of the claimant, are, however, very full, and satisfactorily explain the circumstances relied on by the government, and make out a case where the favor asked may well be granted, provided the security be such as to be satisfactory to the district attorney. An order may, therefore, be entered, allowing the claimant to receive the property, upon giving stipulations in the appraised value of the property, less the amount of the tax, which last amount must be paid in lawful money. The stipulations to be executed by two sureties, residents and freeholders in the city of Brooklyn, and satisfactory to the district attorney.