the powers of the chief judge over the assets, which is so limited that there is no interference with the rights of creditors.

Upon the argument of the motion, the provisions of the general statute were criticised by the complainants. The bill does not ask for the interference of the court upon the ground of the invalidity of the statute, but the court is asked to prevent the commissioner from taking possession of the assets under the authority of a resolution of the general assembly which is alleged to be void. I do not deem it, therefore, incumbent upon me, at this time, to consider the character of the statute.

The suggestion which has been made in regard to the control of the legislature over those charters in which a power of amendment or repeal has been reserved, applies to the objection that this resolution is a special and peculiar law by which the rights of this corporation are to be jeopardized, differing from the law applicable to all other corporations in like condition. All insurance companies in Connecticut are created by special charter. Each company is under the particular supervision of the legislature, and is liable, in case of insolvency or malfeasance, to be controlled by such action applicable to the special case, as shall serve to protect creditors. or stockholders, or the public.

Sundry affidavits were read for the purpose of showing that Mr. Stedman had not informed the company, prior to September 1st, of the amount of the alleged deficiency, and had not given the company an opportunity to supply the required amount, and had not acted justly towards the company since the passage of this resolution. Counter affidavits were presented by the commissioner. If any steps were to be taken by the commissioner in advance of the action of the company. prior to September 1st—in regard to which I express no opinion—I am not satisfied that the commissioner failed to do whatever the resolution or the statutes, or the duty which he owed to the corporation or to the public, imposed upon him. The corporation does not seem to me to have suffered in consequence of a neglect of the commissioner to keep it informed of his views and wishes.

The motion for a provisional injunction is denied. and the restraining order now in force is vacated.

---

LOTHROP, The GRACE. See Case No. 5,-653.

LOT OF JEWELRY (UNITED STATES v.). See Case No. 15,626.

---

## Case No. 8,520.

### LOT OF LEAF TOBACCO.

[The case reported under above title in 2 Ben. 76, is the same as Case No. 15,627.]

LOT OF LEAF TOBACCO (UNITED STATES v.). See Case No. 15.627.

LOTRIDGE (UNITED STATES v.). See Case No. 15,628.

---

## Case No. 8,521.

### LOTTIMER et al. v. LAWRENCE.

[1 Blatchf. 613.] [1]

Circuit Court, S. D. New York. Oct. Term, 1850.

CUSTOMS DUTIES—ACT OF 1846—THREAD-LACE—REPEAL ACT 1842.

1. Thread-lace, made wholly by machinery, composed of linen and cotton, first introduced into this country since the tariff act of July 30. 1846 (9 Stat. 42), took effect, and invoiced and known in trade as thread-lace, falls under the head of "thread-laces" in Schedule E, and is subject to a duty of 20 per cent. ad valorem.

[Cited in Benziger v. Robertson, 122 U. S. 213, 7 Sup. Ct. 1171.]

2. The 20th section of the tariff act of August 30, 1842,—5 Stat. 565.—although not repealed by the act of 1846,—see Morlot v. Lawrence [Case No. 9,815].—applies only in cases where an article has not been specially provided for by the act of 1846.

[Cited in U. S. v. United States Tel. Co., Case No. 16,603.]

This was an action against [Cornelius W. Lawrence] the collector of the port of New-York, to recover back an excess of duties paid by the plaintiffs [William Lottimer and Alfred Large,] on an article invoiced as thread-lace, and made wholly by machinery. The plaintiffs claimed that it was chargeable with duty of 20 per cent. ad valorem under Schedule E of the tariff act of July 30, 1846 (9 Stat. 47) as falling under the head of "thread-laces." The duty charged was 25 per cent. ad valorem under Schedule D. The facts of the case and the ground taken by the defendant appear by the opinion of the court. A verdict was taken for the plaintiffs, subject to the opinion of the court on a case to be made.

Elias H. Ely, for plaintiffs.

J. Prescott Hall, Dist. Atty., for defendant.

NELSON. Circuit Justice. It is admitted that the article in question in this case is composed of linen and cotton, and it is supposed, therefore, by the defendant, that it comes within the enumeration in Schedule D of the act of 1846 of "manufactures composed wholly of cotton, not otherwise provided for," when that is taken in connection with a clause in the twentieth section of the act of August 30, 1842 (5 Stat. 565). That section provides, that "on all articles manufactured from two or more materials. the duty shall be assessed at the highest rates at which any of its component parts may be chargeable."

We have already decided at this term, in the case of Morlot v. Lawrence [supra], that this twentieth section of the act of 1842 is still in force, not having been repealed. either directly or by necessary implication, by the

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]